**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| 1840 P. CHEESEMAN ROAD, LLC, and 1840 P. CHEESEMAN ROAD OPCO, LLC, | 1:16-cv-01680-NLH-KMW |
| | **OPINION** |
| Plaintiffs, | |
| v. | |
| TOWNSHIP OF GLOUCESTER ZONING BOARD OF ADJUSTMENT and TOWNSHIP OF GLOUCESTER, | |
| Defendants. | |

---

**APPEARANCES**:

STEVEN M. COREN
EVAN B. COREN
DAVID MICHAEL DEVITO
KAUFMAN, COREN & RESS, P.C.
3900 TWO COMMERCE SQUARE
2001 MARKET STREET
PHILADELPHIA, PA 19103

JACK PLACKTER
FOX ROTHSCHILD LLP
1301 ATLANTIC AVENUE
MIDTOWN BUILDING
ATLANTIC CITY, NJ 08401

KEVIN HARRY MARINO
JOHN A. BOYLE
MARINO TORTORELLA & BOYLE PC
437 SOUTHERN BOULEVARD
CHATHAM, NJ 07928-1488
    On behalf of Plaintiffs

RICHARD L. GOLDSTEIN
WALTER KAWALEC III
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PA
WOODLAND FALLS CORPORATE PARK
200 LAKE DRIVE EAST

SUITE 300
CHERRY HILL, NJ 08002
    On behalf of Defendant Township of Gloucester Zoning Board
    of Adjustment

VINCENT P. SARUBBI
DOUGLAS DIAZ
ARCHER & GREINER
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033
    On behalf of Defendant Township of Gloucester

**HILLMAN, District Judge**

Presently before the Court is the motion of the Defendants, Township of Gloucester Board of Adjustment and Township of Gloucester, for reconsideration of the Court's Opinion granting in part and denying part their motion to dismiss the complaint of Plaintiffs, 1840 P. Cheeseman Road, LLC and 1840 P. Cheeseman Road OPCO, LLC. Plaintiffs allege Defendants have unlawfully impeded their efforts to build and operate a substance abuse treatment facility.[1]

While Defendants' motion to dismiss was pending, Plaintiffs filed a motion for a preliminary injunction seeking to enjoin Defendants from persisting in their discriminatory conduct and

---

[1] Plaintiffs seek compensatory damages, injunctive relief, and attorneys' fees and costs, and assert claims under the Constitution of the United States, 42 U.S.C. § 1983, 42 U.S.C. § 12132 (the "Americans with Disabilities Act" or "ADA"), 42 U.S.C. § 3601 (the "Fair Housing Amendments Act" or "FHAA''), 29 U.S.C. § 791 (the "Rehabilitation Act" or "RA"), the Constitution of the State of New Jersey, the New Jersey Municipal Land Use Law, and N.J.S.A. 10:5-1 (the "New Jersey Law Against Discrimination" or "NJLAD").

2

directing them to issue the zoning approvals necessary to allow Plaintiffs to commence construction of Phase One of the proposed facility.  Defendants' main objection to Plaintiffs' request for injunctive relief was that Plaintiffs failed to exhaust their administrative remedies by returning to the Planning Board for approval of what was described as Phase One of the project, separate and apart from Phase Two.  Plaintiffs had presented a single use variance application containing both phases, and it was Defendants' concerns about Phase Two that was the primary roadblock to approval of the plan as a whole.

The Court held a hearing on Plaintiffs' motion for preliminary injunction, and at the conclusion of the hearing, the Court denied without prejudice Plaintiffs' motion, but ordered that the Zoning Board must consider and rule on Plaintiffs' Phase One Application on the merits at the Zoning Board's December 14, 2016 meeting.  (Docket No. 35.)  At that meeting, the Township of Gloucester Zoning Board of Adjustment voted on (and unanimously approved) Plaintiffs' application for preliminary approval of Phase One of the project.  (Docket No. 37.)

Shortly thereafter, the Court considered Defendants' motion to dismiss.  The Court granted Defendants' motion on Plaintiffs' claims for procedural due process violations and punitive damages, but denied the remaining arguments in Defendants'

motion. Defendants seek reconsideration on several issues.[2] Each will be addressed in turn.

Defendants' motion to dismiss argued that Plaintiffs' entire case should be dismissed for the same reason that it argued Plaintiffs' motion for preliminary injunction should be denied – Plaintiffs' failure to exhaust their administrative remedies. The Court found that argument to be moot because Plaintiffs submitted Phase One to the Zoning Board and the Board approved that application.

---

[2] Defendants do not cite to a particular Federal or Local Civil Rule which governs a motion for reconsideration, but the Court presumes Defendants intended to avail themselves of Local Civil Rule 7.1(i) or Fed. R. Civ. P. 60(b). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); U.S. v. Tuerk, 317 F. App'x 251, 253 (3d Cir. 2009) (quoting Mayberry v. Maroney, 529 F.2d 332, 336 (3d Cir. 1976)) (stating that "relief under Rule 60(b) is 'extraordinary,' and 'may only be invoked upon a showing of exceptional circumstances'").

4

Defendants ask the Court to reconsider this finding because they disagree that the issue was mooted by the Zoning Board's approval of Phase One of Plaintiffs' project. Defendants argue that the Zoning Board did not have jurisdiction to consider Phase One, as that proposed development did not require approval of a variance, and the Zoning Board has ancillary jurisdiction to consider a site plan only if it also contains a variance request.

The Court is perplexed by the renewal of an argument that was squarely addressed at the preliminary injunction hearing and in the Opinion on the motion to dismiss. The argument does not meet the standard for a motion for reconsideration, and it also does not make sense now that the Zoning Board has approved of Phase One, despite the lack of variance with the site plan approval request. It seems that if the Township has an issue with the exercise of authority by its own Zoning Board it should take that up with them. The Court's decision on this issue stands.

Defendants' motion to dismiss argued that Plaintiffs' claims against the Township must be dismissed because the Township and its Zoning Board are legally distinct entities under New Jersey law, and Plaintiffs fail to allege, beyond a single bare-bone allegation, how the Township is "responsible" for the purported wrongs by the Zoning Board. The Court found

5

that Plaintiffs stated a claim against the Township separate from the Zoning Board because the complaint alleged numerous public statements by the Zoning Board's solicitor that showed discriminatory animus, and the Board solicitor was considered an employee of the Township.

In their motion for reconsideration, Defendants argue that the Court erred in considering the Zoning Board solicitor, Anthony Costa, an employee of the Township. Defendants further argue that transcripts of the public meetings refute that Costa made several of the statements attributed to him in the complaint. Moreover, Defendants argue that Plaintiffs' characterization of Costa's statements are misleading and that his statements cannot be construed to have any discriminatory animus.

The Court rejects both of Defendants' arguments. First, Defendants' disagreement with the Court's interpretation of Lehrhaupt v. Flynn, 356 A.2d 35, 45 (N.J. Super. Ct. App. 1976), aff'd, 383 A.2d 428 (N.J. 1978), which served as the basis for the Court's finding that the Zoning Board attorney is an employee of the Township, is mere disagreement with the Court's interpretation of that case. In the context of deciding whether a zoning board attorney is subject to financial disclosure requirements, the New Jersey Appellate Division stated that "the position of the board of adjustment attorney has no sacrosanct

6

characteristic which exempts him from the rigors of the legislation. His appointment by the members of the board makes him no less an officer or employee of the municipality which has created his position and compensates him for his services." Lehrhaupt, 356 A.2d 35 at 45.[3] If Defendants have evidence to support that the Township did not create Costa's position or does not compensate him for his services, then Defendants may make the appropriate motion to bring that precise issue before the Court.[4] Defendants' disagreement with the Court's determination that Plaintiffs properly pleaded the Township's

---

[3] The Lehrhaupt court further explained:

> Although the board of adjustment and the planning board are authorized by state legislation and constitute entities independent of the governing body of the municipality, they are not exempt from supervision and regulation by the municipality and its elected representatives. Appointments to these boards are made by the council and they are subject to general supervision and removal for cause by the governing body pursuant to the enabling legislation. N.J.S.A. 40:55—36; N.J.S.A. 40:55—1.4. As such they are clearly within the purview of officials of the municipality who may be subjected to the disclosure requirements of the ordinance in question. In the absence of conflicting or preemptive state legislation, the mere independent status of their functions does not insulate them from regulatory legislation aimed at their performance as officials of the municipality.

Lehrhaupt, 356 A.2d at 45.

[4] The Court's Opinion referred to Costa as the "Township's solicitor." It is clear from the context of that part of the Opinion that the Court intended to refer to Costa as the Township's Zoning Board solicitor.

involvement in the alleged discrimination by way of Costa's alleged public statements does not warrant a reversal on that decision.[5]

Second, when assessing the viability of Plaintiffs' complaint, the Court was not presented with the transcripts of the hearings that purport to refute Plaintiffs' allegations, and therefore the Court is unable to consider them in the context of a motion for reconsideration. A court cannot reconsider what it was not asked to consider in the first instance, particularly when that evidence was available at the time.[6] As with

---

[5] Defendants argued in their motion to dismiss that the Township could not be held liable for the Zoning Board's actions. The Court agreed with that general proposition, and noted that "it is clear that without any separate involvement with the events giving rise to a plaintiff's claims against a zoning board, a municipality cannot be held liable for the acts of the zoning board." (Docket No. 39 at 12.)

[6] See K.S. o/b/o K.S. v. Hackensack Board of Education, 2017 WL 2692402, at *2 (D.N.J. June 21, 2017) (denying motion for reconsideration based on "new evidence" because the plaintiff provided no explanation as to why this evidence could not have been discovered and submitted in connection with the prior motion to dismiss) (citing Marracco v. Kuder, No. 08-713, 2009 WL 235469, at *1 (D.N.J. Jan. 30, 2009) ("A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original [decision]."); Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (refusing to consider alleged "new evidence" attached to motion for reconsideration when "there [was] nothing to establish, much less suggest, such new evidence was newly discovered which through the exercise of due diligence could neither have been discovered nor submitted in connection with the [prior motion].")).

Defendants' challenge to the Court's determination that Costa is an employee of the Township, Defendants may file the appropriate motion to bring these transcripts and their import on Plaintiffs' claims properly before the Court for consideration.

Based on the Court's finding that Costa is an employee of the Township, and that Plaintiffs' claims against the Township survived Defendants' motion to dismiss, Defendants ask this Court to find that Plaintiffs' substantive due process claims must be dismissed against the Township because its liability cannot be premised on the actions of Costa under <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 690 (1978), which prohibits § 1983 claims against a municipality based on *respondeat superior*.  Again, this issue was not presented for the Court's consideration by Defendants' motion to dismiss, and Defendants must present this argument in a format other than a motion for reconsideration if they wish the Court to consider it.

## **CONCLUSION**

For the reasons expressed above, Defendants' motion for reconsideration will be denied.  An appropriate Order will be entered.


Date: <u>August 4, 2017</u>            <u>s/ Noel L. Hillman</u>
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.